FILED

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
HILLSBOROUGH COUNTY, FLORIDA     2014 MAR 28 PM 12: 33
CIVIL DIVISION

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

MEAGAN SIMMONS,

    Plaintiff,

v.                                    Case No.:
                                      Division:
INSTANT CHECKMATE, INC.,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Meagan Simmons, sues Defendant, Instant Checkmate, Inc., and alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. This is an action for damages in excess of $15,000.00, exclusive of interest, attorneys' fees, and costs.

2. Plaintiff resides in Pasco County, Florida.

3. Defendant is a Delaware corporation with its principal place of business at 4330 South Valley View Boulevard, Suite 112, Las Vegas, Nevada. This Court has jurisdiction over Defendant pursuant to § 48.193 of the Florida Statutes and applicable decisional law because, among other things, at all material times, it (i) committed a tortious act within this state, and (ii) is engaged in substantial and not isolated activity within this state. In addition, sufficient minimum contacts exist between Defendant and the State of Florida to satisfy the Due Process Clause of the United States Constitution.

4. Venue is proper before this Court under Chapter 47 of the Florida Statutes because, among other things, Plaintiff's causes of action accrued in Hillsborough County, Florida.

## GENERAL ALLEGATIONS

5. Defendant operates a website that aggregates and publishes public records, which is available at www.instantcheckmate.com (the "Website").

6. The Website can be used to research arrest records, phone numbers, addresses, demographic data, census data, marriage and divorce records, professional licenses, and other publicly available information.

7. Defendant claims that the Website can be used to "[g]et in touch with old friends or protect yourself and your family from would-be predators."

8. In order to access the public records available to be viewed on the Website, users must pay Defendant by purchasing one of three membership options: for a six-month membership, Defendant charges its users $59.16; for a three-month membership, Defendant charges its users $44.58; and for a one-month membership, Defendant charges its users $22.86. After a user purchases a membership from Defendant, the user has access to the public records that the Website publishes.

9. In addition to collecting revenue from the Website's users, the Website grows in commercial value as it acquires more data, becomes more functional, has more features and, consequently, accumulates more unique page views.

10. In order to generate revenue from memberships and page views, Defendant markets the Website by publishing online advertisements, including its promotional offers, on websites such as www.facebook.com, www.whitepages.comn, www.bing.com, and www.mugshots.com.

11. In order to maximize the conversion of its online advertisements and offers into paying customers, Defendant, upon information and belief, employs a method of advertising online known as a cost-per-action ("CPA") marketing scheme.

12. Utilizing a CPA method, Defendant only pays for advertising when a consumer clicks on one of its advertisements and thereafter becomes a paying customer for Defendant's service.

13. Defendant, upon information and belief, contracts to market the Website with affiliated online publishers, directly as well as indirectly, through "affiliate networks."

14. Defendant tracks the source of each inbound online sale of its service directed by its marketing affiliates' efforts and pays a fee to each affiliate per each sale.

15. In its online advertisements marketing the Website, Defendant publishes a photograph of Plaintiff. The photograph of Plaintiff is a booking photograph or "mugshot" and depicts Plaintiff in orange-colored prison clothing. This photograph is prominently displayed in Defendant's advertisements marketing the Website and is the advertisements' focal point.

16. Plaintiff has no affiliation with Defendant or the Website.

17. Anyone who views Defendant's advertisement for the Website and "clicks" on the photograph of Plaintiff is immediately directed to the Website.

18. Without Plaintiff's consent, Defendant published Plaintiff's photograph for a commercial or advertising purpose, *i.e.*, to directly promote Defendant's product – the Website. Defendant was not authorized to publish Plaintiff's photograph a commercial or advertising purpose, which constitutes a commercial exploitation to promote the Website. Further, this publication of Plaintiff's photograph in Defendant's advertising and marketing materials for the

3

Website improperly associates Plaintiff with the Website and therefore constitutes misappropriation and an invasion of Plaintiff's right to privacy.

19. Defendant continues to publish Plaintiff's photograph to this day in its advertisements for the Website for its commercial and pecuniary benefit.

20. Plaintiff has been required to retain the law firm of Clark & Martino, P.A. to prosecute this action and is obligated to pay the firm's fees and costs for its services.

21. All conditions precedent to the commencement and prosecution of this action and the granting of the relief requested have been performed, satisfied, excused, or waived.

## COUNT I
## VIOLATION OF § 540.08 OF THE FLORIDA STATUTES – INJUNCTIVE RELIEF

22. Plaintiff realleges Paragraphs 1 through 21, above.

23. This is a cause of action for violation of § 540.08 of the Florida Statutes by Plaintiff against Defendant seeking injunctive relief.

24. Defendant published and continues to publish Plaintiff's portrait, photograph, or other likeness in its online advertisements for the Website for a commercial or advertising purpose without Plaintiff's consent.

25. Publishing Plaintiff's portrait, photograph, or other likeness is done for a commercial or advertising purpose, is not newsworthy, and does not involve any current or legitimate public interest.

26. By publishing Plaintiff's portrait, photograph, or other likeness, Defendant is directly promoting its product, including the Website, in addition to promoting additional products and services separate and apart from the Website.

27. Section 540.08(2) of the Florida Statutes provides that the person whose name or likeness has been misappropriated "may bring an action to enjoin such unauthorized publication."

28. As a direct and proximate result of Defendant's misappropriation of her portrait, photograph, or other likeness, Plaintiff's peace of mind has been disturbed, she has been humiliated and embarrassed, her right of privacy has been violated, and she has suffered mental pain and anguish and will continue to so suffer permanently in the future.

29. Plaintiff seeks an injunction to enjoin future misappropriation of her portrait, photograph, or other likeness under § 540.08(2) of the Florida Statutes.

**WHEREFORE**, Plaintiff demands judgment against Defendant for injunctive relief under § 540.08(2) of the Florida Statutes, costs, and attorneys' fees to the extent permitted by law, as well as such additional relief as is necessary to protect Plaintiff's rights and interests.

## COUNT II
## VIOLATION OF § 540.08 OF THE FLORIDA STATUTES – DAMAGES

30. Plaintiff realleges Paragraphs 1 through 21, above.

31. This is a cause of action for violation of § 540.08 of the Florida Statutes by Plaintiff against Defendant seeking damages.

32. Defendant published and continues to publish Plaintiff's portrait, photograph, or other likeness in its advertisements for the Website for a commercial or advertising purpose without Plaintiff's consent.

33. Publishing Plaintiff's portrait, photograph, or other likeness is done for a commercial or advertising purpose, is not newsworthy, and does not involve any current or legitimate public interest.

34. By publishing Plaintiff's portrait, photograph, or other likeness, Defendant is directly promoting its product, including the Website, in addition to promoting additional products and services separate and apart from the Website.

5

35. Section 540.08(2) of the Florida Statutes provides that the person whose name or likeness has been misappropriated "may bring an action... and to recover damages for any loss or injury sustained by reason thereof, including an amount which would have been a reasonable royalty, and punitive or exemplary damages."

36. As a direct and proximate result of Defendant's misappropriation of her portrait, photograph, or other likeness, Plaintiff has suffered and will continue to suffer damages, including the disturbance of her peace of mind, humiliation and embarrassment, harm to her reputation, the violation of her right of privacy, and mental pain and anguish and will continue to so suffer permanently in the future.

37. Plaintiff's damages were directly and proximately caused by Defendant's intentional conduct and disregard of Plaintiff's rights. Defendant's conduct was prompted solely by pecuniary motives and deprived Plaintiff of the opportunity of free choice as to whether or not to participate in Defendant's commercial endeavor.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages under § 540.08(2) of the Florida Statutes, costs, interest, and attorneys' fees to the extent permitted by law, as well as such additional relief as is necessary to protect Plaintiff's rights and interests.

## COUNT III
## COMMON LAW INVASION OF PRIVACY – MISAPPROPRIATION

38. Plaintiff realleges Paragraphs 1 through 21, above.

39. This is a cause of action for common law misappropriation by Plaintiff against Defendant.

40. Defendant published and continues to publish Plaintiff's portrait, photograph, or other likeness in its advertisements for the Website for a commercial or advertising purpose without Plaintiff's consent.

41. Publishing Plaintiff's portrait, photograph, or other likeness is done for a commercial or advertising purpose, is not newsworthy, and does not involve any current or legitimate public interest.

42. By publishing Plaintiff's portrait, photograph, or other likeness, Defendant is directly promoting its product, including the Website, in addition to promoting additional products and services separate and apart from the Website.

43. As a direct and proximate result of Defendant's misappropriation of her portrait, photograph, or other likeness, Plaintiff has suffered and will continue to suffer damages, including the disturbance of her peace of mind, humiliation and embarrassment, harm to her reputation, the violation of her right of privacy, and mental pain and anguish and will continue to so suffer permanently in the future.

44. Plaintiff's damages were directly and proximately caused by Defendant's intentional conduct and disregard of Plaintiff's rights. Defendant's conduct was prompted solely by pecuniary motives and deprived Plaintiff of the opportunity of free choice as to whether or not to participate in Defendant's commercial endeavor.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, costs, interest, and attorneys' fees to the extent permitted by law, as well as such additional relief as is necessary to protect Plaintiff's rights and interests.

### COUNT IV
### VIOLATION OF § 501.204 OF THE FLORIDA STATUTES – INJUNCTIVE RELIEF

45. Plaintiff realleges Paragraphs 1 through 21, above.

46. This is a cause of action by Plaintiff for injunctive relief under the Florida Deceptive and Unfair Trade Practices Act, §§ 501.201 *et seq.*, Florida Statutes ("FDUTPA"), against Defendant.

47. Under FDUTPA, unconscionable, unfair, and deceptive acts or practices in the conduct of trade or commerce are unlawful. § 501.204(1), Fla. Stat.

48. Anyone aggrieved by a violation of FDUTPA may bring an action for injunctive relief against the entity that has violated the act. § 501.211(1), Fla. Stat.

49. By publishing Plaintiff's portrait, photograph, or other likeness for a commercial or advertising purpose without Plaintiff's consent, Defendant is engaging in business practices that are unconscionable, unfair, and deceptive because they offend established public policy and are immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers. Plaintiff experienced Defendant's unconscionable, unfair, and deceptive business practices, which were committed in the conduct of commerce or trade.

50. As a direct and proximate result of Defendant's misappropriation of her portrait, photograph, or other likeness, Plaintiff's peace of mind has been disturbed, she has been humiliated and embarrassed, her right of privacy has been violated, and she has has suffered mental pain and anguish and will continue to so suffer permanently in the future.

51. Plaintiff seeks an injunction to enjoin future misappropriation of her portrait, photograph, or other likeness by Defendant, which violates FDUTPA, under § 501.211(1) of the Florida Statutes.

**WHEREFORE**, Plaintiff demands judgment against Defendant for injunctive relief under § 501.211(1) of the Florida Statutes, costs, and attorneys' fees under § 501.211 of the Florida Statutes, as well as such additional relief as is necessary to protect Plaintiff's rights and interests.

## COUNT V
### VIOLATION OF § 501.204 OF THE FLORIDA STATUTES – DAMAGES

52. Plaintiff realleges Paragraphs 1 through 21, above.

53. This is a cause of action by Plaintiff for damages under FDUTPA, against Defendant.

54. Under FDUTPA, unconscionable, unfair, and deceptive acts or practices in the conduct of trade or commerce are unlawful. § 501.204(1), Fla. Stat.

55. In any action by a party that has suffered a loss as a result of a violation of FDUTPA, such person may recover actual damages, attorneys' fees, and court costs. § 501.211(2), Fla. Stat.

56. By publishing Plaintiff's portrait, photograph, or other likeness for a commercial or advertising purpose without Plaintiff's consent, Defendant is engaging in business practices that are unconscionable, unfair, and deceptive because they offend established public policy and are immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers. Plaintiff experienced Defendant's unconscionable, unfair, and deceptive business practices, which were committed in the conduct of commerce or trade.

57. As a direct and proximate result of the unconscionable, unfair, and deceptive acts or practices employed by Defendant, *i.e.*, its misappropriation of her portrait, photograph, or other likeness, Plaintiff has suffered actual damages.

58. Plaintiff's damages were directly and proximately caused by Defendant's intentional conduct and disregard of Plaintiff's rights. Defendant's conduct was prompted solely by pecuniary motives and deprived Plaintiff of the opportunity of free choice as to whether or not to participate in Defendant's commercial endeavor.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages under § 501.211(2) of the Florida Statutes, costs, interest, and attorneys' fees under § 501.211 of the Florida Statutes, as well as such additional relief as is necessary to protect Plaintiff's rights and interests.

## COUNT VI
## UNJUST ENRICHMENT

59. Plaintiff realleges Paragraphs 1 through 21, above.

60. This is a cause of action for unjust enrichment by Plaintiff against Defendant.

61. By publishing Plaintiff's portrait, photograph, or other likeness without consent with a commercial or advertising purpose, Defendant committed misappropriation.

62. Defendant has profited from its misappropriation at Plaintiff's expense, which has led to Defendant generating additional revenue based on its sale of memberships, and the value of the Website has increased because it has accumulated more unique page views.

63. Defendant has knowledge of the benefits that Plaintiff has conferred on it, which it has accepted.

64. Under these circumstances, *i.e.*, (a) Defendant publishing Plaintiff's portrait, photograph, or other likeness, (b) without her consent, (c) for a commercial or advertising purpose, (d) causing Plaintiff to suffer the damages alleged herein, (e) Defendant's intentional conduct and disregard of Plaintiff's rights prompted solely by pecuniary motives, which deprived Plaintiff of the opportunity of free choice as to whether or not to participate in Defendant's commercial endeavor, and (f) receiving profits and otherwise generating revenue based on visits to and purchases on the Website, among other sources, it would be inequitable for Defendant to enjoy the benefits of its misappropriation without compensating Plaintiff, whose rights its has intentionally violated.

65. As a direct and proximate result of Defendant's misappropriation of her portrait, photograph, or other likeness, Plaintiff has suffered and will continue to suffer damages, including the disturbance of her peace of mind, humiliation and embarrassment, harm to her reputation, the

violation of her right of privacy, and mental pain and anguish and will continue to so suffer permanently in the future.

66. Plaintiff's damages directly and proximately caused by Defendant's intentional conduct and disregard of Plaintiff's rights. Defendant's conduct was prompted solely by pecuniary motives and deprived Plaintiff of the opportunity of free choice as to whether or not to participate in Defendant's commercial endeavor.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, costs, interest, and attorneys' fees to the extent permitted by law, as well as such additional relief as is necessary to protect Plaintiff's rights and interests.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

**[Attorney's signature appears on the following page.]**

February 25, 2014                    Respectfully submitted,

                                     /s/ J. Daniel Clark
                                     J. Daniel Clark, FBN 0106471
                                     Matthew A. Crist, FBN 0035539
                                     **CLARK & MARTINO, P.A.**
                                     3407 West Kennedy Blvd.
                                     Tampa, FL  33609
                                     Telephone: (813) 879-0700
                                     Facsimile: (813) 879-5498

                                     **Attorneys for Plaintiff**